## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Theresa Hallums, | |
| Plaintiff, | Civil Action No. 1:06-cv-00251 RMU |
| v. | |
| Fred Figueroa, Warden; Capt. Barton; Sgt. Pryor; C.O. Payne; C.O. Crawley; Sgt. Proctor; C. O. Durham, | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, through counsel, file this Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b) because: (1) Plaintiff has failed to exhaust the administrative remedies available to her pursuant to 42 U.S.C. § 1997(e); and (2) Fred Figueroa, Captain Barton, Sergeant Pryor, C.O. Payne, C.O. Crawley, and Sgt. Proctor were not properly served. This motion is supported by the following Memorandum of Points and Authorities and the pleadings on file with the Court.

### Memorandum of Points and Authorities and Authorities

### I.    FACTUAL BACKGROUND

Plaintiff filed a Complaint on February 13, 2006, where she alleges that she was subjected to an illegal cavity search while she was incarcerated at the Correctional Treatment Facility Correctional Treatment Facility ("CTF").

CCA/CTF provides an Inmate Handbook, which contains a summary of the facility grievance policies and procedures, to every inmate upon their arrival at the facility.[1] Additionally, inmates have access to the complete grievance policy at the CTF Law Library or through facility staff.[2]  When Plaintiff arrived at CTF she was provided with a copy of the facility grievance policies and procedures.

In order for an inmate or detainee to exhaust her administrative remedies, the inmate must follow the facility grievance procedures and carry the grievance through to its final conclusion. Prior to pursuing the formal grievance process, inmates must first utilize the Informal Resolution Process.  Inmates may utilize this process by: (1) submitting an Inmate Request Slip; or (2) speaking with any staff member concerning the issue prior to submitting a grievance.[3]  If the inmate is dissatisfied with that the result of the Informal Resolution process, only then may the formal process be initiated.  At CTF, the formal grievance process contains four steps.  First, the inmate must initially send the grievance on the CCA Inmate/Resident Grievance Form (Form 14-5A), to the Grievance Officer within seven (7) days of the alleged incident.[4]  The time for filing begins from the date the problem or incident became known to the inmate/resident.  Second, if the inmate finds the response unsatisfactory, she may appeal to the Warden within five (5) days of receipt of the Facility Grievance Officer's decision.[5]  Third, if the

---

[1] *See* Affidavit of Joyce Allen, attached to Defendants' Motion to Dismiss as Exhibit 1.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

inmate is unsatisfied with the Warden's response, she may appeal to the District of Columbia Department of Corrections' Contract Monitor within five (5) days of receipt of the Warden's response.[6]  Fourth, the inmate may then appeal the Contract Monitor's determination directly to the Director of the District of Columbia Department of Corrections within five (5) days of receipt of the Contract Monitor's decision.[7]  If an inmate fails to follow this procedure or omits any part of it, she has not exhausted the administrative remedies available.

Additionally, the Grievance Policy includes procedures for inmates/residents to file Emergency Grievances.[8]  Grievances may be considered Emergency Grievances is the subject matter of the grievance is such that compliance with the regular time guidelines would subject the inmate to risk of personal injury.  If the inmate asks that the grievance be considered an emergency and details the basis for needing an immediate response, the Facility Grievance Officer, will, within 24 hours review the grievance to determine if an emergency exists.[9]  If an emergency exists, the Facility Grievance Officer will take initial action to resolve the grievance within twenty-four (24) hours of receipt.[10]  After initial action has been taken and within seventy-two (72) hours of receipt of the emergency grievance, the Facility Grievance Officer will prepare and issue a written decision to the Grievant.[11]

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

The Grievance Log was electronically searched for grievances filed by the Plaintiff for the calendar years of 2005-2006. Only one grievance was found, which was filed on December 4, 2005, and related to an alleged failure to receive commissary.[12]  However, no grievances were found relating to Plaintiff's claims of an illegal search occurring on January 3, 2006.[13]

Plaintiff did not utilize the general or emergency grievance procedures at CTF.  In fact, in her Complaint, Plaintiff requests that she be permitted to bypass the administrative remedy process "because of the above stated (already) retaliatory procedures (sic) and the time-table would cause further harm."[14]  Based on a clear reading of Plaintiff's Complaint, she has admittedly failed to comply with the CTF grievance policy for the constitutional claim outlined in her Complaint. As a result, Plaintiff has failed to exhaust the administrative remedies available to her as required under the Prison Litigation Reform Act ("PLRA") and her Complaint must be dismissed.

On November 7, 2006, an unidentified US Marshall contacted Correctional Officer Lisa Durham.  The Marshall gave her a stack of documents.  The documents were copies of the lawsuits in this case intended for Officer Durham, Fred Figueroa, Captain Barton, Sergeant Pryor, C.O. Payne, C.O. Crawley, and Sergeant Proctor.  Several of the employees were not on duty on November 7, or are no longer working at CTF.  As such, dismissal of these Defendants is appropriate.

---

[12] *Id.*

[13] *Id.*

[14] *See* Plaintiff's Complaint, p. 2, attached as Exhibit 2.  Defendant disputes that circumstances prevented Plaintiff from filing a grievance.  However, even if this Court were to find that Plaintiff's grievance was time sensitive, she failed to utilize the Emergency Grievance procedure available at CTF.

II.    **LEGAL ARGUMENT**

    A.    **Plaintiff Has Failed to Exhaust the Administrative Remedies Available to Her As Required by 42 U.S.C. § 1997(e).**

The PLRA requires inmates to exhaust administrative remedies before bringing a lawsuit.  Under 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under § 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement promotes important interests, which include:

> (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.[15]

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, or whether they allege excessive force or some other wrong."[16] Moreover, the United States Supreme Court recently clarified that even inmates seeking only monetary relief must complete a prison administrative process that could provide some sort of relief, even if not monetary, before filing a § 1983 claim.[17]

In this case, Plaintiff did not file any grievances regarding the claims she now asserts in this civil suit.  Although she requests the Court absolve her of the PLRA's requirements, she fails to present any reasons for why she did not use the emergency grievance

---

[15] *See Terrell v. Brewer*, 935 F.2d 1015, 1019, (9th Cir. 1991).

[16] *See Jeanes v. United States Dep't of Justice*, 231 F.Supp.2d 48, 50-51 (D.D.C. 2002) (internal citations omitted).

[17] *See Booth v. Churner*, 532 U.S. 731 (2001) (dismissing the claims of an inmate who failed to exhaust all available administrative remedies).

procedure available at CTF.  Accordingly, Plaintiff has failed to exhaust the administrative

remedies available to her. This violation of the PLRA requires dismissal of Plaintiff's Complaint.

As a result, Defendants respectfully request their Motion to Dismiss be granted.

**B.     Plaintiff's Complaint Contains a "Pleading Defect" and Must Be Dismissed.**

The failure to exhaust administrative remedies raises a "jurisdictional challenge"

under the PLRA.  In this regard, in *Al-Owhali v. Ashcroft*, the court recently stated:

> Defendant further posits that even if the regulation had been
> implemented against plaintiff, [the inmate] has not exhausted his
> administrative remedies, as he is required to do, prior to initiating
> this lawsuit. Because these challenges, like any jurisdictional
> challenge, "imposes on the court an affirmative obligation to
> ensure that it is acting within the scope of its jurisdictional
> authority," *Grand Lodge of the Fraternal Order of Police v.
> Ashcroft,* 185 F. Supp.2d 9, 13 (D.D.C. 2001), the "plaintiffs'
> factual allegations in the complaint...will bear closer scrutiny in
> resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for
> failure to state a claim." *Id.* at 13-14 (citations omitted).[18]

Likewise, in *Eldridge v. District of Columbia*, the court also treated the failure to

allege exhaustion as a pleading defect.[19]  This Circuit's treatment of the exhaustion issue

comports with the PLRA's unequivocal language, which states that "[n]o action shall be

brought...until such administrative remedies as are available are exhausted."[20]  Because the

PLRA's exhaustion requirement is jurisdictional, Defendants may raise this issue at any point or

the Court may consider it *sua sponte*.  Other circuits concur with this analysis.[21]

---

[18] *See* 279 F.Supp.2d 13, 21 (D.D.C. 2003).

[19] *See* No. 02-7059, 2002 WL 31898173, at *1(D.C. Cir. Dec. 23, 2003).

[20] 42 U.S.C. § 1997(e).

[21] *See e.g., Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209 (1oth Cir. 2003), petition
for cert. filed (April 26, 2004) (No. 03-10625); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th
Cir. 2000) (holding that "[a] prisoner must plead his claims with specificity and show that they
have been exhausted by attaching a copy of the applicable administrative dispositions to the
complaint, or in the absence of written documentation describe with specificity the

While there are other courts that take a different approach, by dismissing a case on the pleadings pursuant to an "unenumerated 12(b) motion," these courts still recognize that the PLRA "gives prisons and their officials a valuable entitlement – the right *not* to face a decision on the merits – which courts must respect if a defendant chooses to invoke it."[22]  For this reason, even if exhaustion were not jurisdictional, it is appropriate to resolve the issue at this stage.[23]

Because: (1) Plaintiff failed to provide the Court with any evidence that she complied with the PLRA exhaustion requirements; and (2) Plaintiff has admitted to not complying with the grievance policy while detained at CTF in her Complaint, there is a pleading defect that mandates dismissal of Plaintiff's Complaint. Accordingly, Defendants respectfully request their Motion to Dismiss be granted.

## C.    Service Was Not Proper as to Defendants Figueroa, Barton, Pryor, Payne, Crawley, and Proctor.

Plaintiff failed to properly serve Defendants Figueroa, Barton, Pryor, Payne, Crawley, and Proctor in accordance with Rule 4(e) and 4(m), Fed. R. Civ. P.  Rule 4(e)(2), Fed.

---

administrative proceeding and its outcome."); *Brown v. Toombs*, 139 F.3d 1102, 1004 (4th Cir. 1998) (holding that district courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant.")

[22] *See e.g., Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) ("[T]he failure to exhaust non-judicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment."); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) (emphasis in original).

[23] Even the minority of courts that generally do not permit defendants to raise exhaustion before summary judgment still permit defendants to raise the matter on a motion to dismiss when, as here, the complaint and attachments indicate that the plaintiff did not exhaust.  See e.g., *Brown v. Croak*, 312 F.3d 109, 111 n.1 (3rd Cir. 2002); *Ray v. Kertes*, 285 F.3d 287, 295 n. 8 (3d Cir 2002) ("We do not suggest that defendants may not raise failure to exhaust as the basis for a motion to dismiss in appropriate cases.")

R. Civ. P., requires that service upon individual Defendants be effected in one of the following ways:

> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Moreover, Rule 4(m), Fed. R. Civ. P., requires that service of the summons and complaint be made upon a defendant within 120 days after the filing of the complaint. If service is not effected in the 120 requisite time period, the court shall dismiss the action.[24] The Court should extend the time for service only where a plaintiff shows good cause for the failure to effect service within the 120 day time period.[25]

In this case, Plaintiff filed her Complaint on February 13, 2006. On October 3, 2006, the Court ordered the Clerk of the District Court to issue summonses for the Defendants and for the United States Marshals Service to effect service of the complaint. The summons were issued on November 1, 2006. On November 7, 2006, the US Marshal Service attempted to effect service on Defendants Figueroa, Barton, Pryor, Payne, Crawley, and Proctor, by serving the lawsuits on Correctional Officer Lisa Durham.

The attempt at service upon Defendants Figueroa, Barton, Pryor, Payne, Crawley, and Proctor fails because Rule 4(e), Fed. R. Civ. P. does not permit service to be effectuated on these Defendants by service on Officer Durham. Officer Durham is not an "agent authorized by appointment or by law to receive service of process" on behalf of these Defendants.

---

[24] *See* Fed. R. Civ. P. 4(m).

[25] *See id.*

Accordingly, Defendants respectfully request this Court dismiss Plaintiff's Complaint as against Defendants Figueroa, Barton, Pryor, Payne, Crawley, and Proctor.

## III.    <u>CONCLUSION</u>

Because Plaintiff failed to exhaust the administrative remedies available to her as required under the PLRA and failed to properly serve Defendants Figueroa, Barton, Pryor, Payne, Crawley, Proctor, Defendants respectfully request their Motion to Dismiss be granted.

Dated: November 27, 2006

　　　　　　　　　　　　　　　　　s/ Daniel P. Struck
　　　　　　　　　　　　　　　　　Daniel P. Struck, (D.C. Bar No. CO0037)
　　　　　　　　　　　　　　　　　JONES, SKELTON & HOCHULI, P.L.C.
　　　　　　　　　　　　　　　　　2901 North Central Avenue, Suite 800
　　　　　　　　　　　　　　　　　Phoenix, Arizona  85012
　　　　　　　　　　　　　　　　　Telephone:    (602) 263-7323
　　　　　　　　　　　　　　　　　Facsimile:    (602) 200-7811

　　　　　　　　　　　　　　　　　Kevin L. Newsome, Bar No. 439206
　　　　　　　　　　　　　　　　　Megan S. Ben'Ary, Bar No. 493415
　　　　　　　　　　　　　　　　　LECLAIR RYAN, A PROFESSIONAL CORPORATION
　　　　　　　　　　　　　　　　　225 Reinekers Lane, Suite 700
　　　　　　　　　　　　　　　　　Alexandria, Virginia 22314
　　　　　　　　　　　　　　　　　Telephone:    (703) 684-8007
　　　　　　　　　　　　　　　　　Facsimile:    (703) 684-8075

　　　　　　　　　　　　　　　　　Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 27, 2006, I electronically transmitted the attached document to the Clerk of the United States District Court using the CM/ECF System for filing and mailed a copy to the Plaintiff as follows:

Theresa Hallums, DCDC #180-422
CORRECTIONAL TREATMENT FACILITY
1901 E Street, S.E.
Washington, DC   20003


_____ s/  Daniel P. Struck _____