IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Theresa Hallums,<br><br>      Plaintiff,<br><br> v.<br><br>Fred Figueroa, Warden; Capt. Barton; Sgt. Pryor; C.O. Payne; C.O. Crawley; Sgt. Proctor; C. O. Durham,<br><br>      Defendants. | Civil Action No. 1:06-cv-00251 RMU |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, through counsel, urge this Court to grant Defendants' Motion to Dismiss because: (1) Plaintiff has failed to exhaust the administrative remedies available to her pursuant to 42 U.S.C. § 1997(e); and (2) Fred Figueroa, Captain Barton, Sergeant Pryor, C.O. Payne, C.O. Crawley, and Sgt. Proctor were not properly served. This Reply is supported by the following Memorandum of Points and Authorities and the pleadings on file with the Court.

**Memorandum of Points and Authorities and Authorities**

**I. LEGAL ARGUMENT**

  **A. Plaintiff Has Failed to Exhaust the Administrative Remedies Available to Her As Required by 42 U.S.C. § 1997(e).**

In her Response, Plaintiff concedes that she failed to exhaust her administrative remedies as required by the PLRA. Because she has not filed any grievances, she asks this Court to allow her to bypass the PLRA's requirements.[1] However, this Court does not have discretion

---

[1] Plaintiff asks to bypass the grievance procedure because of a generalized allegation of fear and because of the high rank of the officials involved. However, allowing Plaintiff to be relieved

to waive the exhaustion requirements. *See, Hunter v. Corrections Corp. of America*, 441 F.Supp. 2d 78, 82 (D.D.C. 2006) ("the requirement that a plaintiff exhaust administrative remedies may not be waived by the court, but instead is mandatory"). In fact, numerous cases involving similar claims against corrections officers have been dismissed for failure to exhaust administrative remedies. *See, e.g., Porter v. Nussle*, 534 U.S. 516 (2002) (dismissing claims of alleged assault by corrections officers); *Bradley v. Washington*, 441 F.Supp.2d 97 (D.D.C. 2006).

Plaintiff's failure to exhaust her administrative remedies requires dismissal of Plaintiff's Complaint. As a result, Defendants respectfully request their Motion to Dismiss be granted.

    **B.**    **Service Was Not Proper as to Defendants Figueroa, Barton, Pryor, Payne, Crawley, and Proctor.**

Because Plaintiff has failed to properly serve Defendants Figueroa, Barton, Pryor, Payne, Crawley, and Proctor in accordance with Rule 4(e) and 4(m), Fed. R. Civ. P, Plaintiff's Complaint must be dismissed as against these Defendants.[2]

**II.**    **CONCLUSION**

Because Plaintiff failed to exhaust the administrative remedies available to her as required under the PLRA and failed to properly serve Defendants Figueroa, Barton, Pryor, Payne, Crawley, Proctor, Defendants respectfully request their Motion to Dismiss be granted.

---

of her obligations to exhaust her administrative remedies based upon these reasons would render the PLRA meaningless. Since virtually all prisoner complaints involve allegations against high ranking prison officials, all that would be necessary to avoid the requirements of the PLRA would be an unsupported allegation of fear.

[2] Plaintiff failed to address Defendants' arguments regarding improper service in her Response.

Dated: December 28, 2006                    s/Daniel P. Struck
                                              Daniel P. Struck, (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:     (602) 263-7323
Facsimile:     (602) 200-7811

Paul Maloney, Bar No. 362533
Mariana Bravo, Bar No. 473809
CARR MALONEY, P.C.
1615 L Street Northwest, Suite 500
Washington, D.C.  20036
Telephone:     (202) 310-5500
Facsimile:     (202) 310-5555

Attorneys for Defendants

## CERTIFICATE OF SERVICE

       I hereby certify that on December 28, 2006, I electronically transmitted the attached document to the Clerk of the United States District Court using the CM/ECF System for filing and mailed a copy to the Plaintiff as follows:

Theresa Hallums, DCDC #180-422
1303 Randolph Street, N.W.
Apt. 304
Washington, DC   20011


           s/ Daniel P. Struck

1727374.1