**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| THERESA HALLUMS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-0251 (RMU) |
| | : | | |
| v. | : | Document No.: | 11 |
| | : | | |
| FRED FIGUEROA, Warden, et al., | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING THE DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

The plaintiff, proceeding *pro se*, has brought this action alleging that her civil rights were violated at the District of Columbia Correctional Treatment Facility ("CTF"). The complaint names as defendants the Warden and several employees of the CTF. Pending before the Court is the defendants' motion to dismiss the complaint. Because the plaintiff has failed to exhaust her administrative remedies, the defendants' motion will be granted and the case dismissed without prejudice.

**II. BACKGROUND**

Plaintiff alleges that on or about January 3, 2006, officers at the CTF subjected her to an illegal cavity search. Compl. at 2. At approximately 11:00 a.m. on that date, she was escorted to the visiting hall bathroom. *Id.* Plaintiff claims that the search lasted six hours and during that time she repeatedly had to bend over and squat to have her vagina examined. *Id.* at 2-3. She further alleges that she requested to be taken to a doctor or nurse, but that the officers refused to

1

do so.  *Id.* at 4.  Because plaintiff was ordered to expose her vagina in a number of different positions, she claims that she suffered physical and emotional injury.  *Id.* at 3.  She seeks monetary relief.  *Id.* at 5.

## III.  ANALYSIS

### A.  Legal Standard for a Motion to Dismiss

In considering a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B.  Exhaustion of Administrative Remedies

The defendants move to dismiss the complaint on the ground that the plaintiff has failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  In relevant part, the PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement of Section 1997e(a) is mandatory and

"applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002).  Section 1997e(a) "afford[s] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," and, where possible, to "satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524-25. A prisoner must complete the administrative process "regardless of the relief offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 (2001). Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after she has exhausted administrative remedies.  *Jackson v. Dist. of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).

The PLRA's exhaustion requirement is not a jurisdictional bar, but simply governs the timing of the action.  *Ali v. Dist. of Columbia*, 278 F.3d 1, 5-6 (D.C. Cir. 2002).  The failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to plead or demonstrate exhaustion in their complaints.  *Jones v. Bock*, 127 S.Ct. 910, 921 (2007).  However, if the allegations, taken as true, show that relief is barred for failure to exhaust, the case is subject to dismissal for failure to state a claim.  *Id.* at 920.

The District of Columbia Department of Corrections' inmate grievance procedure has four steps.  An inmate must first file a grievance form with the Grievance Officer.  Aff. of Joyce Allen ¶ 7a.[1]  If the inmate is not satisfied with the Grievance Officer's response, she may appeal to the Warden.  *Id.* ¶ 7b.  The third step of the grievance procedure requires an appeal to the Department of Corrections' Contract Monitor.  *Id.* ¶ 7c.  The inmate may then appeal to the

---

[1] In evaluating whether a plaintiff has exhausted administrative remedies, a court may consider matters outside the pleadings. *See Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 21 (D.D.C. 2003).

Director of the Department of Corrections.  *Id.* ¶ 7d.

Plaintiff concedes that she did not exhaust her administrative remedies before filing this action.  She contends that she should be excused from the exhaustion requirement because she fears retaliation and further harm from the officers at the CTF.  Compl. at 2.  The plaintiff seeks to "bypass" the administrative remedy process.  *Id.*

A plaintiff's belief that pursuing her administrative remedies would be futile does not excuse her from the PLRA's exhaustion requirement since a prisoner is required to exhaust regardless of the value of the relief offered through administrative avenues.  *Booth*, 532 U.S. at 741.  A claim that pursuing a remedy will be futile is not a valid reason for not completing the administrative process.  *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000); *Bitton v. Gonzales*, No. 05-2045, 2006 WL 335766, at *1 (D.D.C. Feb. 13, 2006); *Jeanes v. United States Dep't of Justice*, 231 F. Supp. 2d 48, 50 (D.D.C. 2002); *see also Booth*, 532 U.S. at 741 n. 6 (Court will not "read futility or other exceptions into [PLRA's] exhaustion requirements where Congress has provided otherwise").

The Court concludes that the plaintiff has not completed the established inmate grievance procedure prior to bringing this action. Accordingly, the case must be dismissed.  *See Eldridge v. Dist. of Columbia*, No. 02-7059, 2002 WL 31898173, at *1 (D.C. Cir. Dec. 23, 2002)(per curiam)(upholding dismissal without prejudice for plaintiff's failure to allege or show he had exhausted District of Columbia's Inmate Grievance Procedure); *Johnson v. Dist. of Columbia Dep't of Corrs., Transp. Unit*, No. 01-7204, 2002 WL 1349532, at *1 (D.C. Cir. June 20, 2002)(per curiam)(upholding dismissal without prejudice for failure to exhaust administrative

remedies because the appellant had not filed an inmate grievance).[2]

## IV. CONCLUSION

Based on the foregoing, the defendants' motion to dismiss will be granted and the case

dismissed without prejudice.  A order directing the parties in a manner consistent with this

Memorandum Opinion is separately and contemporaneously issued this 23rd day of March, 2007.


/s/
RICARDO M. URBINA
United States District Judge

---

[2] The defendants also move to dismiss based on improper service.  Because the Court is granting the motion on exhaustion grounds, there is no need to address this issue.